JUN 3 0 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § § § | |
| v. | § § | Cr. No. C-02-223 |
| SIDNEY JERALD BALL, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING WITHOUT PREJUDICE MOTION TO UNSEAL

Pending before the Court is Defendant Sidney Jerald Ball's motion titled as a "Motion to Unseal Confidential Sentencing Recommendation and Twelve Sealed Documents Sent to Fifth Circuit Court of Appeals." (D.E. 94.) In his motion, Ball asks that the Court unseal a number of sealed documents from his criminal case so that he can receive copies and review those documents. He explains that he needs to review his case to determine whether he has any grounds for a motion pursuant to 28 U.S.C. § 2255. (D.E. 94 at 1.)

### I. BACKGROUND

Notably, Ball has no active proceedings before this Court warranting the unsealing of court records or allowing him copies of those records at government expense. Ball was convicted after a jury trial and was sentenced by this Court on January 30, 2003. (D.E. 60.) Judgment was entered on February 4, 2003. (D.E. 61.) Ball timely appealed, and the Fifth Circuit dismissed his appeal, finding no nonfrivolous issues for appeal. (D.E. 85, 86.)

Additionally, Ball has not yet filed a motion pursuant to 28 U.S.C. § 2255, or any other post-conviction motions, other than the pending motion to unseal.

## II. MOTION TO UNSEAL

Ball has not shown any reason why the Court should unseal the documents he seeks, nor has he shown that he is entitled to copies of any of those documents at government expense. Assuming that Ball could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. Cf. 28 U.S.C. § 753(f) (addressing requests for transcripts at government expense).

As noted, Ball's appeal has been denied by the Fifth Circuit and he does not have a pending suit before the Court. Although he seeks copies of the sealed documents in order to file a § 2255 motion, it has been more than three years since his conviction became final and no such motion has yet been filed. Accordingly, he fails to meet the statutory requirements for free transcripts or documents. See 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal

---

[1] Ball has not submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Ball is, in fact, indigent.

prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, Ball's motion is DENIED WITHOUT PREJUDICE. In the event that he files a § 2255 motion, he may then request again copies of specific documents or transcripts.

### III. CONCLUSION

For the reasons set forth above, Ball's motion to unseal (D.E. 94) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 30 day of June, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE

3