**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| | § | Cr. No. C-02-223 |
| v. | § | |
| | § | |
| SIDNEY JERALD BALL. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTIONS TO CORRECT PRESENTENCE INVESTIGATION REPORT**

Pending before the Court are two motions filed by Defendant Sidney Jerald Ball, which appear to be identical, although they were received by the Clerk on two different dates. (See D.E. 95, 96 (motion and supporting memorandum, received June 30, 2008) and D.E. 98, received July 1, 2008.)  Ball has also sent a letter to the Court, which was received by the Court on July 7, 2008, and offers additional documentation in support of Ball's motions. The Clerk is directed to docket this letter as a supplemental supporting memorandum.

Each of Ball's motions is titled as a "Motion to Correct Presentence Investigation Report."  In them, he requests that the Court "correct" certain portions of his Presentence Investigation Report ("PSR") pertaining to his prior convictions.  He cites to Fed. R. Crim. P. 32(c)(3)(D) for support.[1]  He also asks to be resentenced.

---

[1] There is no longer any such provision in Rule 32.  Rule 32(c)(3) became Rule 32(b)(6) with the passage of the 1994 Amendments to the rules.  In 2002, Rule 32 was completely reorganized.

For the reasons set forth herein, Ball's motions are DENIED.

## I.  BACKGROUND

Sidney Jerald Ball ("Ball") was convicted after a jury trial and sentenced by this Court.  (D.E. 60.)  Judgment in his criminal case was entered on February 4, 2003. (D.E. 61.)  He appealed, but the Fifth Circuit dismissed his appeal on July 26, 2004, finding no nonfrivolous issues for appeal.  (D.E. 85, 86.)  To date, he has not filed a motion pursuant to 28 U.S.C. § 2255.   The only other post-conviction motions he has filed have sought copies of documents or transcripts in his case, and have been denied. (See, e.g., 88, 89, 94, 97.)

In Ball's pending motions, he raises five  discrete challenges to the scoring of a number of his prior convictions in his PSR.  First, he claims that the conviction referenced in Paragraph 29 should not have been scored.  He reasons that the referenced conviction was consolidated for trial with the charges in paragraphs 27 and 28, which were both considered too old to be scored.  Based on the consolidation, he claims that Paragraph 29 is therefore too old to be scored, as well.

Second, he argues that there was a "Rule 11 violation" as to the convictions referenced in Paragraphs 34, 35, and 36.  Specifically, he claims that because there are no

_____

Nonetheless, based on the context of Ball's motions, the Court believes he is referencing Rule 32(i)(3), which governs court determinations of disputed facts in the PSR.

transcripts as to his guilty plea, the Court cannot presume from a "silent record" that Ball validly waived his right to trial.

Third, he argues that the three points assessed in Paragraphs 40 and 41 are incorrect and that he should have only been assessed 1 point for the convictions in these two paragraphs.

Fourth, Ball challenges the conviction in Paragraph 33 on the grounds that the judge in the case allegedly did not advise him of his rights in open court. He again claims that his "Rule 11" rights were therefore violated and that this conviction should not have been scored.

Fifth and finally, Ball argues that the convictions referenced in Paragraphs 31, 32, and 37 were uncounseled convictions that should not have been scored.

## II. ANALYSIS

All of these challenges to Ball's prior convictions are ones that should have been raised at sentencing or on appeal. Ball has not identified any statutory authority for the "correction" of his PSR or for him to be resentenced at this late date. Ball cites only to Rule 32, Fed. R. Crim. P., which refers to objections to a PSR prior to or at the time of sentencing. Although Ball's supporting memorandum claims that he is seeking correction of his PSR "prior to sentencing" (D.E. 96 at 1), it is clear from the record in this case that he has already been sentenced and his conviction and sentence have become final.

3

Thus, instead of being governed by Rule 32, Fed. R. Crim. P., his request for a post-judgment reduction in sentence is governed by 18 U.S.C. § 3582(c), which gives this Court has authority to modify or correct a previously imposed sentence only in a "limited number of circumstances." United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Ball fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter his sentence and his motion is DENIED. Moreover, to the extent Ball's motions can be construed as an argument that his counsel was ineffective for failing to timely raise his listed objections to the PSR, that claim is properly brought in a motion pursuant to 28 U.S.C. § 2255. Ball has not shown any intention to file a § 2255 motion, however, and, in any event, such a motion would almost certainly be time-barred.

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, Ball's motions to correct his presentence investigation report (D.E. 95, 98) are DENIED. Additionally, the Clerk is directed to docket the letter addressed to this Court and received on July 7, 2008 as a supplemental memorandum for Ball's motions.

It is so ORDERED this 23rd day of July, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE